**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andres Barrera-Flores,<br><br>Petitioner,<br><br>vs.<br><br>James Schomig, et al.,<br><br>Respondents. | No. CV 09-481-PHX-SRB (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

Petitioner Andres Barrera-Flores has filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #20). On March 31, 2010, Respondents filed their Response in Opposition (Doc. #40). Despite having the opportunity to do so, Petitioner has not filed a reply.

**BACKGROUND**

Petitioner is a native and citizen of Mexico. He entered the United States in 1978 and became a lawful permanent resident in 1990. On October 4, 2004, Petitioner was convicted of trafficking in methamphetamine in violation of § 37-2732B(a)(4)(A) of the Idaho Code. Petitioner was required to serve a minimum of three years in prison on a fifteen-year sentence.

On June 13, 2007, Petitioner was taken into custody by Immigration and Customs Enforcement (ICE). Petitioner was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who has been convicted of an aggravated felony, and under 8

1  U.S.C. § 1227(a)(2)(B)(i) as an alien who has been convicted of a controlled substances
2  offense. Both charges were based on the same October 4, 2004 Idaho conviction. On
3  February 27, 2008, an Immigration Judge (IJ) denied Petitioner's application for cancellation
4  of removal and entered an order for his removal to Mexico. On July 1, 2008, the Board of
5  Immigration Appeals (BIA) reversed the IJ's finding that Petitioner's Idaho conviction
6  qualified as an aggravated felony. Nonetheless, the BIA dismissed Petitioner's appeal,
7  holding that he was removable as an alien convicted of a controlled substances offense, and
8  finding that he did not merit cancellation of removal.

9  On July 11, 2008, Petitioner filed a petition for review from the BIA's decision with
10 the United States Court of Appeals for the Ninth Circuit. See Barrera-Flores v. Holder, No.
11 08-72999. On October 31, 2008, the Ninth Circuit granted Petitioner's motion to stay his
12 removal. See id. On February 2, 2010, the Ninth Circuit dismissed the petition for review
13 and, on March 29, 2010, the mandate issued, thus terminating the temporary stay of removal.
14 See id.

15 On September 24, 2008, after filing his petition for review with the Ninth Circuit,
16 citing Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008), Petitioner
17 requested that the IJ release him on bond pursuant to 8 U.S.C. § 1226(a). On November 3,
18 2008, the IJ found that Petitioner was a danger to society and a flight risk and, therefore,
19 denied his request for discretionary release on bond. On February 6, 2009, the BIA affirmed
20 the IJ's detention decision.

21 On June 3, 2009, Petitioner filed an Amended Petition for Writ of Habeas Corpus
22 pursuant to 28 U.S.C. § 2241 with this Court. In his Amended Petition, Petitioner asserts that
23 the IJ should have held the Government to its burden of proving ineligibility for release on
24 bond by clear and convincing evidence (Claim One). Petitioner also claims that the
25 Government failed to present sufficient evidence to meet its burden of establishing that he
26 is a danger to society and that it failed to present any evidence that he is a flight risk (Claims
27 Two and Three). Finally, Petitioner claims that the IJ and the BIA improperly failed to
28

- 2 -

consider the length of his detention in assessing whether the Government satisfied its burden to prove that Petitioner is a danger to society or a flight risk (Claim Four). Petitioner seeks an order declaring that his detention is unlawful. He also seeks an order for his immediate release from detention under conditions set by this Court and an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

On January 13, 2010, the Court issued an Order dismissing Claims Two, Three, and Four of Petitioner's habeas petition and ordered Respondents to answer Claim One. Respondents filed their Response on March 31, 2010.

## DISCUSSION

The apprehension, detention, and release of aliens pending administrative removal proceedings is governed by 8 U.S.C. § 1226. After administrative removal proceedings have been completed, however, the detention and release of the alien are governed by 8 U.S.C. § 1231. Section § 1231(a)(1) provides in pertinent part:

(A) In general

Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

(B) Beginning of period

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

8 U.S.C. § 1231(a)(1). Since the Ninth Circuit granted Petitioner a stay of removal in connection with his petition for review, the removal period began on March 29, 2010, when the Ninth Circuit entered its final order on his appeal. See 8 U.S.C. 1231(a)(1)(B)(ii).

Following the entry of an administratively final order of removal, an alien is subject to mandatory detention during the 90-day removal period. See 8 U.S.C. § 1231(a)(2). Administrative removal proceedings having concluded and a final order of removal having

- 3 -

been entered, Petitioner no longer has a habeas remedy available to him for alleged unlawful detention under 8 U.S.C. § 1226 during his administrative removal proceedings. The Court will, therefore, recommend that Petitioner's Petition for Writ of Habeas Corpus be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #20) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

**DATED** this 21st day of May, 2010.

_Michelle H. Burns_
Michelle H. Burns
United States Magistrate Judge